No. 04-00-00775-CV



Petra PUENTE,


Appellant



v.



Rebecca Padgett VOLZ,


Appellee



From the 285th Judicial District Court, Bexar County, Texas


Trial Court No. 99-CI-01346


Honorable Michael Peden, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: February 13, 2002


AFFIRMED

 Petra Puente appeals the trial court's take nothing judgment against her in her negligence
action against Rebecca Padgett Volz. We affirm.

Factual and Procedural Background


 This is a negligence case arising out of a two-car automobile accident that occurred on
August 30, 1997 at the intersection of Airport Boulevard and Loop 410 in San Antonio, Texas. Volz
was turning her Chevrolet Suburban left onto the Loop 410 access road. Although the left turn light
was green when she began her turn, she noticed it turned yellow before she completed it. Just before
Volz completed her turn, the light at which Petra Puente and her two daughters were driving home
in their Ford Explorer turned green. Puente proceeded into the intersection. She testified she did not
see Volz's Suburban. The vehicles collided.

 Puente sued Volz alleging Volz's negligence caused the collision and damages to Puente and
her daughters. The case was tried to a jury, which found Volz was not negligent. Puente appealed. 

Factual Sufficiency


 Puente contends the evidence is against the great weight and preponderance of the evidence.
In reviewing a complaint of this nature:

 [T]he court of appeals must first examine the record to determine if there is some
evidence to support the finding; if such is the case, then [we] must determine, in light
of the entire record, whether the finding is so contrary to the overwhelming weight
and preponderance of the evidence as to be clearly wrong and manifestly unjust, or
whether the great preponderance of the evidence supports its nonexistence.


W. Wendell Hall, Standards of Review in Texas, 29 St. Mary's L. J. 351, 485-86 (1998). "In
reviewing great weight points, which complain of a jury's failure to find a fact, the supreme court
has admonished the courts of appeals to be mindful of the fact that the jury was not convinced by
a preponderance of the evidence." Id. at 486.

 At trial, an eyewitness testified Puente's light was green when she entered the intersection;
and the investigating officer testified that had he been aware of this eyewitness testimony, his report
would have concluded Volz's conduct was - rather than may or may not have been - a contributing
factor in causing the accident. Volz testified she did not dispute this testimony; and she admitted she
was partially at fault. Whether Volz was partially at fault was not the question the jury was asked.
Instead, the jury was asked: "Did the negligence, if any, [of] Rebecca Padgett Volz cause the
occurrence in question?" The jury was instructed: "'NEGLIGENCE' means the failure to use
ordinary care, that is to say, failure to do that which a person of ordinary prudence would have done
under the same or similar circumstances, or doing that which a person of ordinary prudence would
not have done under the same or similar circumstances." Quite plainly, the jury found that Volz's
entering the intersection when the light was green and not backing up when the light turned yellow
was "that which a person of ordinary prudence would have done under the same or similar
circumstances." Our review of the record does not suggest the jury's finding is either clearly wrong
or manifestly unjust.

Photographs
 

 Puente next contends the trial court erred in admitting photographs of the two vehicles after
the collision. According to Puente the admission of these photographs invited "[t]he jury to conclude
that limited or no damage to a car means 'low impact', a term of art, and that 'low impact' means
limited or no damage to the occupant, a causation opinion normally the subject of expert testimony
from a 'biodynamics' expert witness." Puente argues the photographs should have been excluded
under Rules 403, 702, 703, and 705 of the Texas Rules of Evidence.

 Rulings on the admissibility of evidence are committed to the sound discretion of the trial
court. Salazar v. State, 38 S.W.3d 141, 153- 54 (Tex. Crim. App.), cert. denied, 122 S. Ct. 127
(2001).

 Puente and Volz testified the photographs accurately depicted their vehicles and the scene
of the accident. We perceive no abuse in the admission of the photographs; nor does the record
support Puente's assertion they were admitted on the issue of causation.

 The judgment is affirmed.


 Sarah B. Duncan, Justice

Do not publish